**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAVID L. GLENN,**

    **Plaintiff,**

v.                                              **Case No.  8:06-cv-544-T-30TGW**

**BROADSPIRE SERVICES, INC., CELLCO**
**PARTNERSHIP, LUMBERMENS**
**MUTUAL CASUALTY COMPANY,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Broadspire Services, Inc.'s Motion to Dismiss (Dkt. #12), Defendant Broadspire Services, Inc.'s Memorandum of Law In Support of Its Motion to Dismiss (Dkt. #13), and Plaintiff's Response to Broadspire's Motion to Dismiss (Dkt. #14).  The Court, having considered the motion, response, memoranda, and being otherwise advised in the premises, finds that Defendant's motion should be denied.

**Background**

Plaintiff, David L. Glenn, brings a one count Complaint against Defendants, Broadspire Service, Inc. ("Broadspire"), Cellco Partnership ("Cellco") d/b/a Verizon Wireless, and Lumbermens Mutual Casualty Company ("Lumbermens"), seeking long-term disability benefits under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, *et seq*.  In Plaintiff's Complaint, Plaintiff alleges, in pertinent

part: Plaintiff was an employee of Cellco and as such he was insured through a group disability policy issued to Cellco by Lumbermens; Cellco is the Plan Administrator of the employee welfare plan providing long term disability benefits; Broadspire is the claims administrator, it makes the "full and fair" final review of claims and therefore is a proper party to this action; Lumbermens insures the payment of benefits under the plan; and Broadspire denied and/or terminated Plaintiff's claim for long-term disability benefits finding that he was not disabled under the terms of the plan.

In its Motion to Dismiss, Broadspire argues that, as the third-party claims administrator, Broadspire does not bear any financial responsibility for paying claims, and therefore, Broadspire is not a proper defendant in this action. In response, Plaintiff argues that since Broadspire has the authority to make final decisions regarding benefits, Broadspire is a fiduciary of the plan, and therefore, Broadspire is a proper party defendant to this ERISA litigation which seeks to overturn Broadspire's final decision as to the termination of Plaintiff's long-term disability benefits.

**Motion to Dismiss Standard**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in

the light most favorable to the plaintiff.  See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).  The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low.  See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985).  "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted.  Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994).  Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely "label" his claims.  Blumel v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla. 1996).  Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate.  Marshall County Bd. Of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### Discussion

In Paragraph 9 of Plaintiff's Complaint, Plaintiff alleges: "Broadspire is the claim administrator, it makes the 'full and fair' final review of claims and therefore is a proper party to this action.  Lumbermens insures the payment of benefits under the Plan."

Additionally, Plaintiff attaches a copy of the Group Disability Insurance Policy (the "Policy") which states, in pertinent part:

**Allocation of Authority**

We reserve full discretion and authority to manage the Group Policy, administer claims, and interpret all policy terms and conditions.  This includes, but is not limited to, the right to:

     1.     Resolve all matters when a review has been requested;

     2.     Establish and enforce rules and procedures for the administration of the Group Policy and any claim under it;

     3.     Determine your eligibility for coverage;

     4.     Determine whether proof of loss is satisfactory for receipt of benefit payments according to the terms and conditions of the Plan.[1]

On the first page of the Policy, "we" refers to "the insurance company indicated above." The insurance company indicated at the top of the Policy is "Kemper Insurance Companies"[2] and "Lumbermens Mutual Casualty Company." Accordingly, from the face of the Policy attached to Plaintiff's Complaint, it appears that Broadspire, as a successor in interest to Kemper Insurance Companies, maintains "full discretion and authority to manage the Group Policy, administer claims, and interpret all policy terms and conditions," including the authority to determine Plaintiff's eligibility for coverage.

    Furthermore, in Plaintiff's Response to Broadspire's Motion to Dismiss, Plaintiff has attached a copy of the coverage denial letter received by Plaintiff from Broadspire, dated February 6, 2006.[3] In this letter, Broadspire notifies Plaintiff that Broadspire has processed his appeal, and the Broadspire Appeal Committee has decided to uphold Broadspire's original decision to terminate long term disability benefits.

---

[1] Dkt. #1-2, Exhibit A, Page 25.

[2] It appears that "Kempers Insurance Companies" is now doing business as "Broadspire Services, Inc."

[3] Dkt. #14-2.

Based on these assertions, Plaintiff argues that Broadspire maintains discretionary authority over the final review of claims, and therefore, Broadspire is a proper party defendant to this action. In support of its Motion to Dismiss, Broadspire argues that since it does not bear any financial responsibility for paying claims, it is not a proper defendant in this action.

Under applicable law, it is clear that a claims administrator is not a proper party defendant when the claims administrator lacks discretionary authority over the plan and exclusive responsibility for the plan resides with the employer. See Garren v. John Hancock Mutual Life Ins. Co., 114 F.3d 186 (11th Cir. 1997); see also Wall v. Pennzoil-Quaker States Co., 358 F.Supp.2d 1169 (S.D. Fla. 2004). However, if the claims administrator has authority to interpret terms and make decisions regarding benefit claims and appeals, then a claim administrator is a fiduciary to the plan, and thus, a proper party defendant in an ERISA action. Jordan v. Metropolitan Life Insurance Company, 205 F.Supp.2d 1302, 1306 (M.D. Fla. 2002); Baker v. Hartford Life and Accident Insurance Company, 371 F.Supp.2d 1352, 1354 (M.D. Fla. 2005). Further, a claims administrator may be deemed a fiduciary to the plan, even if the claims administrator does not bear any financial responsibility for paying claims. See, e.g. Oliver v. Coca-Cola Company and Broadspire Services, Inc., 397 F.Supp.2d 1318 (N.D. Ala. 2005) (District court found that Broadspire, acting as a claim administrator, was an exclusive agent for employer's long-term disability plan and was cloaked with authority to make disability benefit decisions under plan, and thus was a

"fiduciary" under ERISA, even though Broadspire's own funds were not used to pay disability claims.)

At this stage in the litigation, the Court must accept Plaintiff's assertion that Broadspire maintains the authority to make decisions regarding the final review of claims. Based on the assertion that Broadspire maintains discretionary authority over the plan, Broadspire is a fiduciary to the plan, and therefore, a proper party defendant in this action.

Accordingly, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) should be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Broadspire Services, Inc.'s Motion to Dismiss (Dkt. #12) is DENIED.

2. Defendant Broadspire Services, Inc. shall have ten (10) days from the date of the entry of this Order to file an answer to the Complaint.

**DONE** and **ORDERED** in Tampa, Florida on June 15, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-544.mtd.wpd